UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TRENTON BELL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 3:18-cv-00873 |
| v. | ) | Judge Trauger |
|  | ) |  |
| WILSON COUNTY JAIL, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

Trenton Bell, a pre-trial detainee currently in the custody of the Wilson County Jail in Lebanon, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against the Wilson County Jail and Southern Health, alleging violations of his federal constitutional rights. (Doc. No. 1). The Plaintiff also submitted an application to proceed in forma pauperis (Doc. No. 2) and a motion for fast and speedy trial (Doc. No. 5).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.  PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, "on various dates and [at] various locations, officers and trustees spit, sprayed ammonia cleaning supplies, and put other things in [the plaintiff's] food to humiliate" him. (Doc. No. 20 at 5). When the plaintiff expressed his concerns, multiple officers told him, "Nobody cares, eat it." (*Id.*)

The complaint also alleges that Officer Brummite stabbed the plaintiff in his right elbow and, on "various dates and [at] various locations[,]" the plaintiff was sexually harassed by officers Sherlock, Vantrese, Bennitt, Wardren, and Barnes. (*Id*. at 4).

According to the complaint, Southern Health medical staff "purposefully" gave the plaintiff the wrong medicine "in order to keep charging" him, and the wrong medicine led to the plaintiff's eczema; denied the plaintiff the cream he needed to treat the eczema; and charged the plaintiff for treatment he never received. (*Id*. at 5).

The complaint further alleges that Nurse Carmen put the plaintiff's prescription eczema spray in a dirty cleaning supply bottle and told the plaintiff to use it. According to the complaint, "[s]he knew this was wrong and against medical policy. She wanted [the plaintiff] to destroy [his] skin by rubbing cleaning supplies all over [himself]." (*Id*. at 6.) The nurse refused to see the plaintiff after he unknowingly consumed cleaning supplies that were sprayed into his food. According to the complaint, the nurse told officers to pour the chemicals into the plaintiff's food "in order to 'stop' [his] 'heart.'" (*Id*.)

In addition, the complaint alleges that the plaintiff has been unable to eat his food because it has been poisoned with "blue ammonia cleaning supplies." (*Id*.) The plaintiff has lost twenty pounds due to being unable to eat his food. Dr. Matthews told the plaintiff he would receive extra portions at every meal to recover his weight, but ordered double portions at "dinner only." (*Id*.) According to the complaint, Dr. Matthews "thought it would be fun to keep lying to [the plaintiff] and have [him] keep expecting proper medical treatment." (*Id*.)

The complaint also alleges that the plaintiff was deprived of "right and privileges regarding his mail [and] legal paperwork . . . ." (*Id*. at 4).

**IV.	Analysis**

The plaintiff names two defendants to this action: the Wilson County Jail and Southern Health. However, the Wilson County Jail is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Wilson County Jail, and all claims against the Wilson County Jail will be dismissed.

As to defendant Southern Health, the Eighth Amendment to the United States Constitution requires that inmates be provided with reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care. *See Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-24 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *See Bellamy v. Bradley*, 729 F.2d 416, 419 (6th Cir. 1984). The United States Supreme Court has held that deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).

A claim of deliberate indifference to a prisoner's medical needs under the Eighth Amendment has both an objective and subjective component. *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was "sufficiently serious." *Id.* (quoting *Farmer*, 511 U.S. at 834). A plaintiff satisfies the subjective component "by alleging facts which, if true, would show that

the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id*.

Complaints of malpractice or allegations of negligence are insufficient to entitle plaintiff to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id*. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

According to the complaint, Southern Health is the entity responsible for providing medical care to inmates at the Wilson County Jail. Because Southern Health performs a traditional state function in providing medical care to state inmates, Southern Health acts under the color of state law. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996). In order for Southern Health to be liable under § 1983, the plaintiff must allege that there is a direct causal link between a policy or custom of Southern Health and the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). In other words, Southern Health may be liable under § 1983 "if its official policies or customs resulted in injury to the plaintiff." *O'Brien v. Mich. Dep't of Corr.*, 592 Fed. Appx. 338, 341 (6th Cir. 2014); *see also Mason v. Doe*, No. 3:12CV-P794-H, 2013 WL 4500107, at *1 (W.D. Ky. Aug. 21, 2013) (collecting cases) ("a private corporation may be liable under § 1983 when an official policy or custom of the corporation causes the alleged deprivation of a federal right").

To hold Southern Health liable, the plaintiff cannot rely on the theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818. Liability attaches only if Southern Health's policies are shown to be the "moving force" behind the plaintiff's injuries. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 353-64 (6th Cir. 1993).

Here, construed liberally, the complaint alleges that Southern Health deliberately gave the plaintiff the wrong medication in order to keep charging him for more treatment; that Southern Health maintains a policy of overcharging inmates, such as the plaintiff, for medical treatment the inmates do not receive; and that Southern Health's policies and practices were the moving force behind the plaintiff's injuries (eczema and weight loss).

Further, the complaint alleges that Nurse Carmen, presumably an employee of Southern Health, acted with deliberate indifference to the plaintiff's serious medical needs by telling officers to pour chemicals into the plaintiff's food in order to harm him and by deliberating storing the plaintiff's eczema medication in a dirty cleaning bottle in order to "destroy" the plaintiff's skin. (Doc. No. 20 at 5). However, the plaintiff has not sued Nurse Carmen or the officers as defendants to this action. Additionally, the complaint alleges that Dr. Matthews told the plaintiff he would receive double portions at all meals but ordered double portions for the plaintiff only for dinner, even though he knew the plaintiff had lost significant weight because he thought it would be "fun." (*Id*. at 6). These allegations could be viewed as rising to the level of deliberate indifference to the plaintiff's serious medical needs. Like Nurse Carmen, however, the plaintiff has not sued Dr. Matthews.

The complaint also alleges that the plaintiff was the victim of excessive force by Officer Brummite and sexual harassment by Officers Sherlock, Vantrese, Bennitt, Waldren, and Barnes. (*Id*. at 4). The plaintiff has not sued these defendants either. The court will grant the plaintiff permission to amend his complaint for the purpose of adding these individuals as defendants, if he desires, with respect to the allegations contained in the amended complaint filed on November 26, 2018. (Doc. No. 20).

After the filing of his complaint, the plaintiff submitted a motion for a fast and speedy trial, stating that he has "been in this jail for three going on four years now." (Doc. No. 19). However, this court has no jurisdiction over the plaintiff's ongoing state criminal proceedings and, as such, cannot grant a motion for a speedy trial related to those proceedings. To the extent that the plaintiff's motion is a request for this court to order a speedy trial in the instant case, the motion is premature and will be denied.

## V. Conclusion

For the reasons explained above, the court finds that the complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 against the Wilson County Jail. 28 U.S.C. § 1915A. Therefore, the claims against the Wilson County Jail will be dismissed. 28 U.S.C. § 1915(e)(2). As to Southern Health, the court finds that the complaint states a colorable Eighth Amendment claim. Claims against Southern Health will be permitted to proceed for further development.

The plaintiff will be permitted to amend his complaint, if he so desires, to name Nurse Carmen, Dr. Matthews, and Officers Brummite, Sherlock, Vantrese, Bennitt, Waldren, and Barnes as defendants to his Eighth Amendment claims. The plaintiff's motion for a speedy trial will be denied.

An appropriate order will be entered.

It is so ORDERED.

ENTER this 12th day of December 2018.

                                              Aleta A. Trauger
                                              United States District Judge