IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRENTON BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:18-cv-00873 |
| ) | Judge Trauger / Frensley |
| WILSON COUNTY JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is a "Motion to Strike Summons and Service of Summons, or in the Alternative, Motion to Dismiss the Complaint as to Cody Brummett and Garrett Waldron." Docket No. 34. Along with that Motion, Officers Brummett and Waldron have filed a supporting Memorandum of Law. Docket No. 35.

Plaintiff has not responded to the instant Motion.

A brief recitation of the procedural history of this matter is helpful to its resolution.

On September 17, 2018, Plaintiff, a pretrial detainee housed at the Wilson County Jail, originally filed this pro se action pursuant to 42 U.S.C. § 1983, naming the Wilson County Jail and Southern Health as Defendants. Docket No. 1. Plaintiff's Complaint failed to state the capacity in which he sued Defendants; thus, he is deemed to sue Defendants solely in their official capacity. *See, id.; Wells v. Brown*, 891 F.2d 591, 592-594 (6th Cir. 1989). Plaintiff seeks $25,000 in damages. *Id.*

On September 27, 2018, when reviewing Plaintiff's Application to Proceed In Forma Pauperis, Judge Trauger noted in her Order that Plaintiff's Application could not be processed at

that time because the trust fund account statement submitted by Plaintiff was not signed and certified by the custodian of Plaintiff's inmate account as required by 28 U.S.C. § 1915(a)(2). Docket No. 4. In that Order, Judge Trauger granted Plaintiff 28 days from the date he received the Order to submit to the Court a certified copy of his inmate trust fund account statement for the 6 month period immediately preceding the filing of the Complaint. *Id.* Judge Trauger cautioned, "The Plaintiff is forewarned that, if he does not comply with this Order within the time specified, the Court is required to presume that he is not a pauper, assess the full amount of filing fee, and order the case dismissed for want of prosecution. [] If the case is dismissed under these circumstances, it will not be reinstated to the Court's active docket despite any subsequent correction of the documentary deficiency, or payment of the filing fee." *Id.* (citations omitted).

On October 24, 2018, Judge Trauger entered an Order responding to 4 letters Plaintiff filed, as well as Plaintiff's Motion "for fast and speedy trial," in which she noted that Plaintiff had not yet complied with the Court's September 27, 2018 deficiency Order. Docket No. 10. In her Order, Judge Trauger stated: "The Court notes that the time for complying with the September 27, 2018 Order has not yet passed. The Plaintiff must comply with the Court's Order within the time specified or the Court is required to presume that he is not a pauper, assess the full amount of the filing fee, and order the case dismissed for want of prosecution. [] If the case is dismissed under these circumstances, it will not be reinstated to the Court's active docket despite any subsequent correction of the documentary deficiency, or payment of the filing fee." *Id.* (citations omitted).

On November 14, 2018, Judge Trauger entered another Order which stated in relevant part as follows:

> By Order entered on October 24, 2018, the Court notified the Plaintiff that, although he had submitted a motion and several letters to the Court, he had not complied with the Court's previous Order. (Doc. No. 10). The Court reiterated to the Plaintiff that he must comply with the Court's Order or his case will be dismissed. (*Id.*)
>
> . . .
>
> The Court extends the deadline by which the Plaintiff must submit either the $400 civil filing fee or a certified inmate trust account statement in this case to November 15, 2018. If the Plaintiff fails to submit one or the other by that date, <u>this action will be dismissed.</u>

Docket No. 14 (emphasis original).

On November 14, 2018, Judge Trauger entered an Order noting that the Court had received Plaintiff's letter regarding his inability to obtain a certified inmate account statement from the custodian of his account (Docket No. 13) and finding that the letter satisfied the deficiency with regard to his pauper application (Docket No. 2). Docket No. 15. Judge Trauger's Order also stated:

> Rule 8 of the Federal Rules of Civil Procedure requires a pleading that states "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the plaintiff's original complaint complied with this rule, the plaintiff has since submitted numerous filings that add claims and defendants to his original complaint. As a result, there is no single document containing all of the plaintiff's claims and defendants.
>
> Accordingly, the Clerk is **DIRECTED** to mail the plaintiff a blank form Section 1983 complaint for prisoners. In turn, the plaintiff is **DIRECTED** to submit a **<u>single complaint</u>** containing **<u>all</u>** of his claims and defendants. The plaintiff should make clear which defendants go with which claim. . . . The plaintiff should not attempt to add to his complaint by filing letters to the court.
>
> The plaintiff must complete and return his amended

3

> complaint no later than thirty days after he receives this order or all
> of his new allegations may not be considered by the court.

Docket No. 15 (capitalization and emphasis original).

On November 26, 2018, Plaintiff filed an Amended Complaint. Docket No. 20. In Plaintiff's Amended Complaint, he again names Wilson County Jail and Southern Health as Defendants, but now sues them in their individual and official capacities, seeking $70,000 in damages. *Id.* Although not named as Defendants, Plaintiff avers that Officer Brummite stabbed him in his right elbow and, "on various dates and various locations," he was sexually harassed by Officers Sherlock, Vantrese, Bennitt, Wardren, and Barnes. *Id.* at 4. Plaintiff further avers that "on various dates and various locations, officers and trustees spit, sprayed ammonia cleaning supplies, and put other things in [his] food to humiliate" him. *Id.* at 5. Plaintiff also avers that: Southern Health medical staff "purposefully" gave him the wrong medicine "in order to keep charging" him; the wrong medicine led to his eczema; he was denied medication to treat the eczema; when he was given prescription eczema spray, it was in a dirty cleaning supply bottle; the nurse refused to see him after he unknowingly consumed cleaning supplies that were sprayed into his food by the nurse "in order to 'stop' [his] 'heart'"; and he was charged for treatment he never received. *Id.* at 5-6. Plaintiff additionally avers that he has been unable to eat his food because it has been poisoned with "blue ammonia cleaning supplies" and he has lost 20 pounds as a result. *Id.* at 6. Plaintiff asserts that Dr. Matthews told him that he would receive extra portions at every meal to recover his weight, but ordered double portions at "dinner only," because Dr. Matthews "thought it would be fun to keep lying to [him] and have [him] keep expecting proper medical treatment." *Id.* Plaintiff additionally avers that he was deprived of

4

"right and privileges regarding his mail [and] legal paperwork." *Id.* at 4.

On December 12, 2018, Judge Trauger conducted a frivolity review and entered a Memorandum Opinion and Order dismissing Plaintiff's claims against the Wilson County Jail, as the Jail is not a person that can be sued under § 1983. Docket Nos. 21, 22. Judge Trauger's Memorandum Opinion and Order allowed Plaintiff's claims against Southern Health to proceed and noted that, although Plaintiff averred action by Nurse Carmen, Dr. Matthews, Officer Brummite, Officer Sherlock, Officer Vantrese, Officer Bennitt, Officer Waldren, and Officer Barnes, Plaintiff had not sued any of the individuals. *Id.* Judge Trauger's Memorandum Opinion therefore provided:

> The court will grant the plaintiff permission to amend his complaint for the purpose of adding these individuals as defendants, if he desires, with respect to the allegations contained in the amended complaint filed on November 26, 2018. (Doc. No. 20).
>
> . . .
>
> The plaintiff will be permitted to amend his complaint, if he so desires, to name Nurse Carmen, Dr. Matthews, and Officers Brummite, Sherlock, Vantrese, Bennitt, Waldren, and Barnes as defendants to his Eighth Amendment claims.

Docket No. 21.

Accordingly, Judge Trauger's Order stated, "the court hereby **GRANTS** the plaintiff permission to amend his complaint for the purpose of adding Nurse Carmen, Dr. Matthews, and Officers Brummite, Sherlock, Vantrese, Bennitt, Waldren, and Barnes as defendants, if the plaintiff so desires, with respect to the allegations contained in the amended complaint filed on November 26, 2018. (Doc. No. 20)." Docket No. 22 (capitalization and emphasis original). Judge Trauger's Order cautioned, "The plaintiff is forewarned that the failure to return the

5

completed service packet within the time required could jeopardize his prosecution of this action." *Id.*

On January 22, 2019, the undersigned issued an Order stating in relevant part as follows:

> Plaintiff submitted completed summons for f/n/u/ Carmen, f/n/u Matthews, and f/n/u Brummite, and the summons were issued on December 21, 2018. Additionally, Plaintiff submitted summons for non-parties Officer Rasch, Officer Pierce, Officer Moss, Nurse Camil, and Nurse Mary. None of those persons are defendants in this action, and the summonses submitted will not be issued. Plaintiff did <u>not</u> submit summonses for defendants Southern Health or Officers Sherlock, Vantrese, Bennitt, Waldren and Barnes.

Docket No. 26 (emphasis original).

The undersigned's January 22, 2019 Order further ordered:

> The Plaintiff shall file an amended complaint on or before **April 22, 2019**, according to the terms set out in Judge Trauger's December 12, 2018 Order. Plaintiff shall list the specific defendants and the claims alleged against each one. Plaintiff shall complete a service packet for each <u>named</u> defendant on the docket sheet. . . .
>
> Plaintiff is reminded that failure to comply with Court Orders may jeopardize his prosecution of this case.

*Id.* (emphasis original).

On February 11, 2019, Plaintiff had summonses issued and served on "Officer Waldren" and "Officer Brummitte" (Docket Nos. 30, 31), however, a copy of the Complaint was not attached to either summons (Docket No. 35, p. 3). Officers Waldren and Brummett have filed the instant Motion arguing that they are entitled to have the summons and service of summons and complaint served on them stricken and/or dismissed because: (1) Plaintiff has failed to timely effect service of process under Fed. R. Civ. P. 4; (2) Plaintiff's claims are time-barred; and

(3) the circumstances warrant denial of the proposed or hypothetical amendment adding Officers Brummett and Waldren to this lawsuit. Docket No. 34.

As can be seen, both Judge Trauger and the undersigned have forewarned Plaintiff that failure to timely comply with the Court's Orders could jeopardize his prosecution of this action and result in its dismissal. Despite these warnings and numerous extensions and opportunities for compliance, Plaintiff has failed to comply with the Court's Orders regarding service and the filing of a single, consolidated Amended Complaint containing all of his complaints and naming all of his defendants.

Both Judge Trauger and the undersigned have given Plaintiff instruction and multiple opportunities for compliance. The Court cannot, however, "help" either side in a lawsuit, even if a plaintiff is proceeding pro se. *Pliler v. Ford,* 542 U.S. 225, 231 (2004). As the Sixth Circuit has recognized, pro se plaintiffs must comply with the Federal Rules of Civil Procedure. *See Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991) (no persuasive reason why a pro se plaintiff should be accorded special consideration under the circumstances, where plaintiff failed to adhere to readily comprehended court deadlines of which he was well-aware); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988) (court adopts rule that no special treatment was to be afforded ordinary non-prisoner civil litigants who proceed pro se); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases in which courts have required pro se parties to comply with basic pleading requirements). Additionally, the Supreme Court, in *McNeil v. United States,* 508 U.S. 106, 113 (1993), stated:

> [W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, 'in the

> long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even handed administration of the law. *See also Brock v. Hendershott*, 840 F.2d 339 at 343 ("The application of the law must be equal, even for those who have no attorney.")

As noted, Plaintiff filed this action on September 17, 2018. *See* Docket No. 1. It has now been over 120 days since Plaintiff filed his Complaint in this action. Despite the instruction and opportunities for compliance, Plaintiff has neither filed an Amended Complaint that contains all of his complaints, names all of his defendants, and complies with this Court's Orders and the Federal Rules of Civil Procedure; or properly served the individuals he seeks to sue. Under the facts presented herein, the undersigned finds that the interest of justice counsels on dismissing this action for failure to prosecute and failure to comply with this Court's orders. The undersigned therefore recommends that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge